# EXHIBIT A

| AOC-105          Doc. Code: CI | | Case No. | 12-CI-556 |
| Rev. 1-07 | | Court | ✓ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | County | Muhlenberg |
| Court of Justice    www.courts.ky.gov | CIVIL SUMMONS | | |
| CR 4.02; CR Official Form 1 | | | |

PLAINTIFF

Vanessa                        A.              Purdom

as Personal Representative for the ESTATE OF JEAN ELAINE DUKES

P.O. Box 191

Vincennes                 Indiana              47591

VS.

DEFENDANT

Jacqueline                  Kay              Kirby
Community Health Centers of Western Kentucky
480 Hopkinsville Street, Suite #2
Greenville                 Kentucky            42345

Service of Process Agent for Defendant:

Jacqueline                  Kay              Kirby

Community Health Centers of Western Kentucky

480 Hopkinsville Street, Suite #2

Greenville                              Kentucky        42345

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

   You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

   The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ___12-17___, 2012                    _Janet Brown_                    Clerk

                                      By: _L. Hellowy_                      D.C.

| Proof of Service |
| --- |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____.          Served by: _____ |
| _____ Title |

| AOC-105          Doc. Code: CI | CIVIL SUMMONS | Case No. 12-CI-556 |
|---|---|---|
| Rev. 1-07 | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County  Muhlenberg |
| Court of Justice  www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

PLAINTIFF

Vanessa                    A.             Purdom

as Personal Representative for the ESTATE OF JEAN ELAINE DUKES

P.O. Box 191

Vincennes                  Indiana           47591

VS.

DEFENDANT

Faraz                      Akhtar            MD

Community Health Centers of Western Kentucky

480 Hopkinsville Street

Greenville                 Kentucky          42345

Service of Process Agent for Defendant:

| Faraz | Akhtar | |
|---|---|---|
| Community Health Centers of Western Kentucky | | |
| 480 Hopkinsville Street | | |
| Greenville | Kentucky | 42345 |

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons.  Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:  12-17      , 2012                    JANET H. BROWN               Clerk

                                       By:  L. ARMSTRONG                  D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title

| AOC-105          Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br><br>CIVIL SUMMONS | Case No. _12-CI-556_<br>Court  [✓] Circuit [ ] District<br>County  Muhlenberg |
|---|---|---|

PLAINTIFF

Vanessa                        A.              Purdom

as Personal Representative for the ESTATE OF JEAN ELAINE DUKES

P.O. Box 191

Vincennes                   Indiana              47591

VS.

DEFENDANT

Jacqueline            Kay          Kirby
Community Health Centers of Western Kentucky
480 Hopkinsville Street, Suite #2

Greenville            Kentucky          42345


Service of Process Agent for Defendant:

Jacqueline            Kay          Kirby

Community Health Centers of Western Kentucky

480 Hopkinsville Street, Suite #2

Greenville                          Kentucky          42345

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

      You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __12-17__, 2012          _Janet Brown_____ Clerk

                              By: _L. Helton_____ D.C.


---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                    Served by: _____

                              _____ Title

COMMONWEALTH OF KENTUCKY
MUHLENBERG CIRCUIT COURT

FiLed
12-17-12
_____

JANET HEARLD BROWN
CIRCUIT COURT CLERK
BY _Wheusly_____ DEPUTY CLERK

VANESSA A. PURDOM, as the           )
Personal Representative of the ESTATE OF )
JEAN ELAINE DUKES                   )
                Plaintiff,          )
                                    )
                                    )
VS.                                 )     Case No. 12 -CI- 556
                                    )
                                    )
MUHLENBERG COMMUNITY HOSPITAL,      )
MUHLENBERG SURGICAL ASSOCIATES,     )
MUHLENBERG MEDICAL PROPERTY II, LLC, )
MUHLENBERG MEDICAL CENTER, LLC,     )
COMMUNITY HEALTH CENTERS OF         )
WESTERN KENTUCKY,                   )
BAPTIST HEALTH MADISONVILLE, INC.,  )
TROVER CLINIC,                      )
REGIONAL MEDICAL CENTER OF HOPKINS  )
COUNTY,                             )
BAPTIST MEDICAL ASSOCIATES, INC.,   )
VIRTUAL RADIOLOGIC CORPORATION,     )
JACQUELINE KAY KIRBY, APRN,         )
Dr. WILLIAM I. BROWNING, MD,        )
Dr. BRACKEN C. LEWIS, MD,           )
Dr. RONALD R. SOMMERFELDT, MD,      )
Dr. TARIQ K. MALIK, MD,             )
Dr. FARAZ AKHTAR, MD,               )
Dr. JAMES BOVIENZO, DO,             )
Dr. FRANK H. TAYLOR, MD,            )
Dr. RAYMOND M. MONTECALVO, MD,      )
                                    )
                Defendants.         )

## **COMPLAINT**

COMES NOW the Plaintiff, Vanessa A. Purdom, *Pro Se*, as the personal representative for the

Estate of Jean Elaine Dukes, deceased. Plaintiff, the eldest niece of the deceased, brings this action on behalf of

the "estate" of Jean Elaine Dukes against Defendants, and respectfully shows this Court as follows:

1.  Plaintiff resides in Vincennes, Indiana.

Page 1

2.  That Plaintiff's decedent, Jean Elaine Dukes was born on October 10, 1960, and died at the age of 51, on December 22, 2011, in the Muhlenberg Community Hospital in Greenville, Muhlenberg County, Kentucky.

3.  Defendant Muhlenberg Community Hospital, is a Kentucky Corporation doing business as a "Hospital" with a Joint Commission Organization ID of 2850, in Greenville, Muhlenberg County, Kentucky.

4.  Defendant Muhlenberg Surgical Associates, is a Kentucky Corporation with an assumed name adopted by Muhlenberg Community Hospital.

5.  Defendant Community Health Centers of Western Kentucky is a Kentucky Corporation providing "Affordable Primary Health Services" in Muhlenberg County, Kentucky.

6.  Defendant Muhlenberg Medical Property II is a Kentucky Limited Liability Company, in Powderly, Muhlenberg County, Kentucky.

7.  Defendant Muhlenberg Medical Center, LLC, is a Kentucky Limited Liability Company, in Powderly, Muhlenberg County, Kentucky.

8.  Defendant Baptist Health Madisonville, Inc., is a Kentucky Corporation, with Joint Commission Organization ID of 7776, providing medical services in Madisonville, Hopkins County, Kentucky.

9.  Defendant Trover Clinic is a Kentucky Corporation, with an assumed name adopted by Baptist Health Madisonville, Inc., in Madisonville, Hopkins County, Kentucky.

10. Defendant Regional Medical Center of Hopkins County, is a Kentucky Corporation with an assumed name adopted by Baptist Health Madisonville, Inc., in Madisonville, Hopkins County, Kentucky.

11. Defendant Baptist Medical Associates, Inc., is a Kentucky Corporation providing healthcare facilities and healthcare services.

12. Defendant Virtual Radiologic Corporation, is a Delaware Corporation, using teleradiology, with a principal office in Eden Prairie, Minnesota and a registered agent in Frankfort, Kentucky.

13. Defendant Jacqueline Kay Kirby, is an advanced practice registered nurse (APRN), practicing in Greenville, Muhlenberg County, Kentucky, originally licensed as an APRN in Kentucky on October 9, 2007.

14. Defendant William I. Browning, MD, is a licensed physician, practicing in Greenville, Muhlenberg County, Kentucky, licensed as a physician in Kentucky on November 24, 1981.

15. Defendant Bracken C. Lewis, MD, is a licensed physician, practicing in Greenville, Muhlenberg County, Kentucky, licensed as a physician in Kentucky on September 1, 2010.

16. Defendant Ronald R. Sommerfeldt, MD is a licensed physician, practicing in Greenville, Muhlenberg County, Kentucky, licensed as a physician in Kentucky on March 3, 1978.

17. Defendant Tariq K. Malik, MD is a licensed physician, practicing in Greenville, Muhlenberg County, Kentucky, licensed as a physician in Kentucky on July 1, 1996.

18. Defendant Faraz Akhtar, MD is a licensed physician, practicing in Greenville, Muhlenberg County, Kentucky, licensed as a physician in Kentucky on June 18, 2009.

19. Defendant James Bovienzo, DO is a licensed physician, practicing in Madisonville, Hopkins County, Kentucky, licensed as a physician in Kentucky on January 15, 2004.

20. Defendant Frank H. Taylor, MD is a licensed physician, practicing in Madisonville, Hopkins County, Kentucky, licensed as a physician in Kentucky on January 25, 1980.

21. Defendant Raymond M. Montecalvo, MD is a licensed physician, practicing telemedicine out of state, licensed as a physician in Kentucky on June 22, 2006.


## JURISDICTION AND VENUE

22. This court has jurisdiction over the subject matter and the parties hereto and venue is properly laid in the Circuit Court of Muhlenberg County, Kentucky.

Page 3

## DUTIES

23. At all times material hereto, Muhlenberg Community Hospital and Muhlenberg Surgical Associates, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

24. At all times material hereto, Community Health Centers of Western Kentucky, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

25. At all times material hereto, Muhlenberg Medical Property II, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

26. At all times material hereto, Muhlenberg Medical Center, LLC, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

27. At all times material hereto, Baptist Health Madisonville, Trover Clinic and Regional Medical Center of Hopkins County, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

28. At all times material hereto, Baptist Medical Associates, Inc., through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

29. At all times material hereto, Virtual Radiologic Corporation, through its members, associates, employees, representatives, agents and/or ostensible agents, represented to the public at large and to the Plaintiff's decedent that it would provide competent healthcare.

30. At all times material hereto, Muhlenberg Community Hospital and Muhlenberg Surgical Associates, through its members, associates, employees, representatives, agents and/or ostensible agents, seven of whom were Jacqueline Kay Kirby, APRN, William I. Browning, MD, Bracken C. Lewis, MD, Ronald R. Sommerfeldt, MD, Tariq K. Malik, MD, Faraz Akhtar, MD and Raymond Montecalvo, MD had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes.

31. At all times material hereto, Muhlenberg Medical Property II, LLC, through its members, associates, employees, representatives, agents and/or ostensible agents, one of whom was William I. Browning, MD, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes.

32. At all times material hereto, Muhlenberg Medical Center, LLC, through its members, associates, employees, representatives, agents and/or ostensible agents, one of whom was William I. Browning, MD, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes.

33. At all times material hereto, Community Health Centers of Western Kentucky, through its members, associates, employees, representatives, agents and/or ostensible agents, two of whom were Jacqueline Kay Kirby, APRN and Faraz Akhtar, MD, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes.

34. At all times material hereto, Baptist Health Madisonville, Trover Clinic and Regional Medical Center of Hopkins County, through its members, associates, employees, representatives, agents and/or ostensible agents, two of whom were Frank H. Taylor, MD and James Bovienzo, DO, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes.

35. At all times material hereto, Baptist Medical Associates, through its members, associates, employees, representatives, agents and/or ostensible agents, one of whom was Frank H. Taylor, MD, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes

36. At all times material hereto, Virtual Radiologic Corporation, through its members, associates, employees, representatives, agents and/or ostensible agents, one of whom was Raymond Montecalvo, MD, had a healthcare provider/patient relationship with the Plaintiff's decedent, Jean Elaine Dukes

37. At all times pertinent hereto, a licensed primary caregiver-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Jacqueline Kay Kirby, APRN, a nurse practitioner licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that she was a duly licensed competent primary caregiver. That her negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

38. At all times pertinent hereto, Jacqueline Kay Kirby was required to maintain a Collaborative Agreement for the Advanced Practice Registered Nurse's Prescriptive Authority for Nonscheduled Legend Drugs and Schedules II through V controlled substances, with a duly qualified licensed physician, who shall define the scope of the prescriptive authority for controlled substances. (KRS 314.042(8) and (9))

39. That prior to prescribing controlled substance, Jacqueline Kay Kirby was required to have been licensed to practice as an APRN for one year with the Kentucky Board of Nursing or in another state for one year prior to applying for licensure by endorsement in Kentucky. (KRS 314.042(9)(f))

40. At all times pertinent hereto, Jacqueline Kay Kirby was required to seek consultation or referral in those situations outside the scope of her practice. (201 KAR 20:057, Section 3)

41. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant William I. Browning, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from surgery.

42. That Muhlenberg Community Hospital reported from April 2011 through March 2012 to the Joint Commission that their National Quality Improvement Goals for the Surgical Care Improvement Project

were below the target range when compared to other Joint Commission accredited organizations in the state and nation for patients having abdominal (colon/intestine) surgery.

43. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Bracken C. Lewis, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

44. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Ronald R. Sommerfeldt, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

45. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Tariq K. Malik, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

46. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Faraz Akhtar, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively,

the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

47. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Frank H. Taylor, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

48. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant James Bovienzo, DO, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

49. At all times pertinent hereto, a physician-patient relationship existed between Plaintiff's decedent, Jean Elaine Dukes and the Defendant Raymond Montecalvo, MD, a physician licensed to practice medicine in the State of Kentucky, who represented to Plaintiff's decedent and the public at large that he was a duly licensed competent physician. That his negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance for survival and decreased the likelihood of her survival from cancer, metastasis, and sepsis.

50. From about February 2006, until approximately December 2011, the Plaintiff's decedent, Jean Elaine Dukes, (hereinafter referred to as "Aunt Elaine") sought treatment for back pain, abdominal pain, extreme fluctuations in weight, nausea, vomiting, diarrhea, constipation and fatigue. Aunt Elaine was evaluated and treated on numerous occasions during this time by all Defendants.

51. That Defendants Jacqueline Kay Kirby, Bracken C. Lewis, Ronald R. Sommerfeldt, Tariq K. Malik, Faraz Akhtar, James Bovienzo, Frank H. Taylor and Raymond M. Montecalvo, failed to diagnose and treat the Plaintiff's decedent's medical condition, after she presented on numerous occasions at Muhlenberg Community Hospital, Community Health Centers of Western Kentucky, Trover Clinic and Regional Medical Center of Hopkins County, and that caused Aunt Elaine to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis, and sepsis.

52. That Defendant Browning, failed to treat the Plaintiff's decedent's medical condition with a reasonable surgical intervention at Muhlenberg Community Hospital, and that caused Aunt Elaine to lose her chance of survival and decreased the likelihood of her survival from surgery.

53. Defendants and agents and servants or ostensible agents and servants and employees of the Muhlenberg Community Hospital and Muhlenberg Surgical Associates fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent, Jean Elaine Dukes, by failing to appropriately diagnose and treat the conditions from which she suffered at the time, from cancer, metastasis, and sepsis, and failure to choose an appropriate surgical intervention. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis, sepsis and surgery.

54. Defendants and agents and servants or ostensible agents and servants and employees of the Muhlenberg Medical Property II, LLC fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to choose an appropriate surgical intervention. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from surgery.

55. Defendants and agents and servants or ostensible agents and servants and employees of the Muhlenberg Medical Center fell below the minimum accepted applicable standards of care and were negligent in

their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to choose an appropriate surgical intervention. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from surgery.

56. Defendants and agents and servants or ostensible agents and servants and employees of the Community Health Centers of Western Kentucky fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to appropriately diagnose and treat the condition from which she suffered at the time, cancer, metastasis and sepsis. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis and sepsis.

57. Defendants and agents and servants or ostensible agents and servants and employees of the Baptist Health Madisonville, Inc., Trover Clinic and Regional Medical Center of Hopkins County fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to appropriately diagnose and treat the condition from which she suffered at the time, cancer, metastasis and sepsis. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis and sepsis.

58. Defendants and agents and servants or ostensible agents and servants and employees of the Baptist Medical Associates fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to appropriately diagnose and treat the condition from which she suffered at the time, cancer, metastasis and sepsis. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis and sepsis.

59. Defendants and agents and servants or ostensible agents and servants and employees of the Virtual Radiologic Corporation fell below the minimum accepted applicable standards of care and were negligent in their care and treatment of Plaintiff's decedent Jean Elaine Dukes, by failing to appropriately diagnose and treat the condition from which she suffered at the time, cancer, metastasis and sepsis. Its negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis and sepsis.

60. The Defendant Dr. William I. Browning, in addition to his failure to choose a reasonable surgical intervention to treat the Plaintiff's decedent's medical condition, additionally worsened the Plaintiff's decedent's condition by attempting an aggressive operation, which led to the unexpected removal of Aunt Elaine's spleen, further compromising the immune system of an already immuno-compromised patient.

61. The negligence of the Defendants is joint and several and their negligence led to the Plaintiff's decedent's death; alternatively, the Defendants' negligence caused the Plaintiff's decedent to lose her chance of survival and decreased the likelihood of her survival from her cancer, metastasis, sepsis or surgery.

## DAMAGES

62. As a direct and proximate result of the negligence of the Defendants as aforesaid, Jean Elaine Dukes experienced horrible physical, mental and emotional pain and suffering; her medical condition, which had a good likelihood of being cured or going into remission with the proper diagnosis and treatment, metastasized to other parts of her body, advanced into sepsis, and required surgical intervention, which worsened her condition; resulting in the death of Plaintiff's decedent on December 22, 2011. Additionally, the negligence of the Defendants as aforesaid has resulted in hospital and medical bills and a financial loss to her estate; further, the Plaintiff's Surviving Spouse, Mother, Niece and other relatives have lost the love, support, and companionship of Aunt Elaine and have lost her financial support and

have suffered extreme grief; as a result. Vanessa A. Purdom, as personal representative of the Estate of

Jean Elaine Dukes is entitled to recover damages for the loss and grief suffered by the family of Jean

Elaine Dukes and to recover the medical, hospital and other related expenses related to the last illness of

Aunt Elaine, as well as the funeral and burial expenses of Aunt Elaine. Plaintiff's damages are in excess

of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants, jointly and

severally, for an amount in excess of $75,000.00, together with her costs, applicable interest thereon, and for

all other necessary and proper relief.

Respectfully submitted,

Vanessa A. Purdom, as Personal Representative of the Estate of Jean
Elaine Dukes
P.O. Box 191
Vincennes, IN 47591
Phone: 580-799-5537
**Pro Se for the Plaintiff**

Page 12

## CERTIFICATE OF MAILING

I, Vanessa Purdom, Plaintiff, hereby certify that on the 17th day of December, 2012, I sent a true

and correct copy of the above and foregoing Complaint with proper postage thereon fully prepaid to:

STATE OF INDIANA              )
                              )        ss
COUNTY OF KNOX                )

Muhlenberg Community Hospital
P.O. BOX 387
GREENVILLE, KY 42345
Attn:  JOHN T. COUNTZLER,
        Registered Agent

Community Health Ctrs of Western KY
P. O. BOX 228
GREENVILLE, KY 42345
Attn:  LUCIEN CISNEY,
        Registered Agent

Virtual Radiologic Corporation
CSC-LAWYERS INCORPORATING
SERVICE
421 WEST MAIN STREET
FRANKFORT, KY 40601

Dr. BRACKEN C. LEWIS, MD
Muhlenberg Community Hospital
440 Hopkinsville Street
Greenville, Kentucky 42345

Dr. FARAZ AKHTAR, MD
Community Health Center of Western
Kentucky
480 Hopkinsville Street
Greenville, Kentucky 42345

Dr. RAYMOND MONTECALVO, MD
Virtual Radiologic Corporation
11995 Singletree Lane
Eden Prairie, MN  55344

Muhlenberg Medical Property II, LLC
1010 MEDICAL CENTER DR
POWDERLY, KY 42367
Attn:  BARRY HARDISON,
        Registered Agent

Baptist Health Madisonville, Inc.
4007 KRESGE WAY
LOUISVILLE, KY 40207
Attn: JANET M. NORTON, ESQ.,
        Registered Agent

JACQUELINE KAY KIRBY, APRN,
Community Health Center of Western
Kentucky
480 Hopkinsville Street
Greenville, Kentucky 42345

RONALD R. SOMMERFELDT, MD
Muhlenberg Community Hospital
440 Hopkinsville Street
Greenville, Kentucky 42345

Dr. JAMES BOVIENZO, DO
900 Hospital Drive
Madisonville, KY 42431

Muhlenberg Medical Center, LLC
900 HOSPITAL DRIVE
MADISONVILLE, KY 42431
Attn:  JERRY L. KELLEY,
        Registered Agent

Baptist Medical Associates, Inc.
4007 KRESGE WAY
LOUISVILLE, KY 40207
Attn:  JANET M. NORTON, ESQ.,
        Registered Agent

Dr. WILLIAM I. BROWNING, M
Muhlenberg Medical Center
1010 Medical Center Drive
Powderly, KY 42367

Dr. TARIQ K. MALIK, MD
Muhlenberg Community Hospital
440 Hopkinsville Street
Greenville, Kentucky 42345

Dr. Frank H. Taylor, MD
Baptist Medical Associates,
200 Clinic Drive - Building B
Madisonville, KY 42431

Page 13

AFFIDAVIT OF VANESSA A. PURDOM

I, Vanessa A. Purdom, first duly sworn, according to law, states as follows:

1. I am appearing pro se as the personal representative of the Estate of Jean Elaine Dukes and the eldest niece of the deceased, Jean Elaine Dukes.

2. I have consulted and reviewed the facts of this claim with a qualified expert.

3. I have obtained a written opinion from a qualified expert that clearly identifies the Plaintiff and the expert's determination that, based upon a review of the available medical record, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the health care providers against whom the action is brought constituted professional negligence.

4. On the basis of the qualified expert's review and consultation, I have concluded that they claim is meritorious and based on good cause.

_____

Vanessa A. Purdom as the Personal Representative
of the Estate of Jean Elaine Dukes
In DL# 4459525990
Exp. 05/02/19

Subscribed and sworn to before me, this ___ 7 day of December, 2012

_____
Notary Public

My Commission Expires:

__1-25-2015__                    SEAL

M. Kelly Perry
State of Indiana Notary Public
Resident of Knox County
My Commission Expires 1/25/2015

STATE OF INDIANA      )
                         )    ss
COUNTY OF KNOX      )

<u>AFFIDAVIT OF DAVID G. PURDOM</u>

I, David G. Purdom, first duly sworn, according to law, states as follows:

1. I am a medical doctor licensed by the State of Indiana, currently residing in Knox County, Indiana.

2. I am a board certified General Surgeon and Fellow of the American College of Surgeons. I have been trained in the diagnosis and surgical treatment of cancer, metastasis and sepsis.

3. I have reviewed the medical records of Jean Elaine Dukes, who was treated by the Defendants in this case and I have reviewed the treatment rendered by these Defendants to Jean Elaine Dukes.

4. Jean Elaine Dukes died as a result of her cancer, metastasis and sepsis that were not diagnosed in a timely manner, so as to allow for an effective treatment to either eradicate or minimize these conditions, although there was an opportunity for these Defendants to have done so.

5. Jean Elaine Dukes did not recover and her death was hastened from the aggressive exploratory surgery performed on December 19, 2011, which could have been accomplished by a less aggressive drain placement or CT guided biopsy.

6. In my opinion, these Defendants each fell below acceptable standards of medical care in failing to diagnose and treat Jean Elaine Dukes' cancer, metastasis, sepsis and surgical care.

David G. Purdom, MD, FACS
INDIANA #
4459 5191141
Exp. 12/5/18

Subscribed and sworn to before me, this _17_ day of December, 2012

Notary Public

M. Kelly Perry
State of Indiana Notary Public
Resident of Knox County
My Commission Expires 1/25/2015

My Commission Expires:

_1-25-2015_              SEAL